IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

In re:

Sue Jade Wong,                               )
                                             )
                                             )
                Debtor.                      )
                                             )
Kip M. Kaler, as Bankruptcy                  )      Adversary No. 07-07044
Trustee for Sue Jade Wong                    )
                                             )
                Plaintiff,                   )
                                             )
    -v-                                      )
                                             )
Sue Jade Wong, Choung Nget                   )      **AMENDED MEMORANDUM**
and Jade Choung,                             )           **AND ORDER**
                                             )
                                             )
                Defendants.                  )
                                             )

    This is an adversary proceeding by the Bankruptcy Trustee Kip M. Kaler (Trustee) seeking a determination that the Debtor/Defendant Sue Jade Wong is not entitled to a discharge pursuant to 11 U.S.C § 727(a)(2). The Trustee also seeks a determination as to what is property of this bankruptcy estate, turnover of all property of the estate and surrender of any other transferred property from the Defendants Choung Nget and Jade Choung pursuant to 11 U.S.C. § 548.

    Sue Jade Wong filed a Chapter 7 Bankruptcy petition on September 30, 2007. The adversary complaint was filed in this case on December 31, 2007. Wong and Choung Nget filed

1

answers denying the complaint. An amended complaint adding the defendant Jade Choung was filed September 22, 2008. Jade Choung is the daughter of Sue Jade Wong. When Jade obtained the age of majority, she was added as an adversary defendant because she was named on certain of the real estate documents at question in this case. Debtor/defendant Sue Jade Wong filed her Amended Answer on October 9, 2008. Defendant Choung Nget filed his Amended Answer on October 10, 2008. Jade Choung did not appear or answer and is in default. The Trustee made a motion for entry of default judgment against Jade Choung at the beginning of the trial. The motion was granted.

This case was tried on March 9, 2009. The Defendants Sue Jade Wong and Choung Nget appeared and testified as did Laurie Askelson, a real estate agent and Kip M. Kaler, Bankruptcy Trustee. Upon consideration of the testimony at trial and the exhibits filed the court makes the following Findings.

## I. FINDINGS OF FACT

Debtor/Defendant Wong filed her voluntary Chapter 7 Bankruptcy Petition disclosing her marital status as "Married". Defendant Choung Nget did not join in the petition. Defendant Jade Choung is Wong's biological daughter, but is not the daughter of Choung Nget. At trial, despite the disclosure in the petition and testimony to the contrary at the 341 hearing, Wong contended that she was not in fact married to Choung Nget. Wong stated she was "not considered married to Choung." And also that she had been "separated from him so long off and on so [she was] thinking [she was] not married to [Choung]." She also testified that she had no marriage certificate to reflect any marriage to Choung Nget.

In addition to her representation in the Petition, Wong's testimony is also contradicted by

2

several exhibits. Wong and Choung Nget filed "married filing jointly" tax returns for 2005 and 2006. Exhibit 16. Wong and Choung Nget transferred two pieces of Becker County real estate on October 26, 2006 and February 7, 2007 as husband and wife. Exhibits 7, 9. Wong and Choung Nget also took title to the residence listed as Debtor/Defendant Wong's address at 1908 26 1/2 Ct. S. Fargo North Dakota, signed the mortgage on that property to Calusa Investments LLC (Calusa) as wife and husband, and took title to three Becker County lots in each case as joint tenants. Exhibits 5,7,8. The court finds Wong was married to Choung Nget at all times relevant to this case.

In the schedules to her original petition Wong disclosed that she owned an interest in her residence 1908 261/2 Ct. S. in Fargo, North Dakota. (Fargo home). She did not disclose any other real estate. She filed an amended schedule A on October 31, 2007 which removed the Fargo home from her list of real property assets. At the 341 hearing held on November 2, 2007 she testified that the property was solely owned by Choung Nget and that she owned no other real estate. Thereafter the Trustee on his own initiative discovered Wong was one of the title owners of the Fargo home and two pieces of real estate in Becker County Minnesota. Wong then amended her schedules to disclose the Fargo home and a one third interest in two pieces of Becker County Minnesota real estate. (Becker Lot 4 and Becker Lot 12). The Trustee then learned of another piece of real estate transferred to Choung Nget and Wong on October 18, 2006. This property was in turn transferred by deed from Choung Nget and Wong, husband and wife, to relatives of Wong's to pay a debt of Choung Nget's. (Becker Lot 11, Exhibits 8,9 ). The claim on this parcel was settled by the Trustee with the third party purchasers but Choung Nget still received a benefit from this transaction because his debt was paid. Finally the Trustee

3

discovered that Choung Nget and Wong purchased another Becker County lot on a contract for deed and still hold that vendee's interest. (Becker Sayler's 12, Exhibit 10). This property was listed for sale by Laurie Askelson.

Choung Nget testified that the Fargo home was a gift from Wong's mother to Nget and Wong and the court so finds. Title to the home is still held by Nget and Wong. On October 6, 2005 Choung Nget (but not Wong) mortgaged the Fargo home. Exhibit 21. The mortgage was recorded on October 17, 2005. The proceeds of the mortgage were used to fund Choung Nget's failed auto repair business. The proceeds were also used to purchase the four parcels of Becker County real estate and partially fund the CDs in Wong's name at State Bank of Fargo. Payments on the mortgage on the Fargo home, the Becker County real estate parcels and some of the money for the CDs and auto business expenses came in part from Choung Nget's wages from labor and in part from the proceeds from the loan secured by the mortgage on the Fargo house.

Wong's name was also on several certificates of deposit at several Fargo banks that were funded in part by the mortgage loan proceeds. State Bank of Fargo issued a CD to Wong on September 6, 2006 in the amount of $6000.00 which was rolled into a second CD issued by State Bank to Wong in the amount of $14,629.25. Exhibit 12. This second CD was purchased on September 8, 2006 and was redeemed on November 1, 2006 and used to pay a debt of Choung Nget. Exhibit 12. Wong was also issued another CD by State Bank in the amount of $13,021.07 purchased on September 5, 2006 which was redeemed on November 1, 2006 for a total with interest of $13,069.23. Exhibit 12. This was also paid to State Bank to pay off note number 1490570, the same obligation to State Bank of Choung Nget. Exhibit 12.

Ramsey Bank also issued a CD to Wong on September 4, 2006. It was paid to Wong on

4

May 2, 2007. Exhibit 13. After the penalty for early withdrawal Wong was paid $5863.18. Trustee Kaler was unable to determine what happened to those proceeds. Wong testified that she used the proceeds to pay her lawyer (presumably for the bankruptcy filing) and to pay taxes on the family residence in Fargo.

Finally Choung Nget had two CDs at Gate City Bank of Fargo. Exhibit 14. They were used as collateral on a loan from Gate City to Choung Nget and used to pay off a loan on October 4, 2006. Wong signed two "assignments of deposit account" both dated August 11, 2005 for $30,000.00 and $34,805.78. These CDs were apparently in Choung Nget's name only and were used to pay off a debt that was the sole obligation of Choung Nget. The Trustee did not prove any interest on the part of Wong or the bankruptcy estate in these CDs nor did the Trustee prove that any of the mortgage loan proceeds from the Fargo house were used to purchase these CDs.

Wong seeks to discharge several credit cards and a personal loan owed to Lee Uong. The Trustee subpoenaed records from the account holders and the statements were filed as exhibit 11. The first debt is the MBNA card account ending in 0216. That card statement showed purchases at "Farnums Genuine" in Fargo on June 28, 2005. Wong had another MBNA card with account ending 3400. That card was issued to "JDC Auto Sue Wong". Wong also held a Discover card account ending in 2855. This card had numerous charges to auto parts supply stores starting in January of 2004. As many as fifty transactions at auto parts store took place in some months, and continued on this account until at least September, 2004. There were also many household expenses charges to food and discount retailers. Wong also held a Bank One card ending in account number 8411. Charges to auto parts stores were made on that card starting in November of 2004. These purchases continued at least until June 2005. The trustee testified that Wong was

purchasing auto parts on these cards that were sold in Choung Nget's auto repair business. Wong testified that Choung Nget paid for those parts he used each month but the court can not find evidence that this is true from exhibit 11. Some payments were made, but in most cases the payments were close to the monthly minimum. Wong seeks to discharge these and other credit card obligations in her petition.

Wong testified that she is disabled due to an eye injury she received in California. She has no other source of income besides disability payments in the approximate annual amount of $7500. This is consistent with her joint income tax returns for 2005 and 2006, which disclose joint filing status with Choung Nget and wage income in 2006 of approximately $44,000. The joint adjusted gross income in 2006 was $11,953 and a loss in 2005 of $9483. Wong helped Choung Nget with his business during the year it was in operation by answering phones and ordering parts but no evidence was offered that she was paid as an employee in Nget's auto repair business. From the credit card receipts with auto parts store charges the court finds that the business was operated from approximately from January 2004 until October of 2005.

## II. CONCLUSIONS OF LAW

The Trustee seeks an order denying Wong a discharge and seeking to recover property transferred from Wong to Choung Negt. The Trustee alleges that Wong concealed and transferred property to prevent the Trustee from recovering the property, that Wong failed to maintain adequate financial records from which her financial condition could be determined, that she made a false account or oath by fraudulent bankruptcy schedules and false testimony at the 341 hearing, and that Choung Nget is in possession of property of the estate due to transfers from Wong prior to the bankruptcy filing.

A. Property Transferred to Choung Nget

Section 548 of the bankruptcy code provides that the trustee may avoid any transfer of any interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer or obligation and the debtor was insolvent on the date that such transfer was made or such obligation was incurred. In re Craig 144 F3d 587, 590 (8th Cir 1998). The burden of proof is on the Trustee to establish the elements of a fraudulent transfer under the bankruptcy code. Id. The Trustee also seeks recovery under North Dakota's version of the Uniform Fraudulent Transfer Act. N.D. Cent. Code § 13-02.1-04. The main distinction between the provisions of the bankruptcy code and such state fraudulent transfer statutes is the lookback period. In re Grove-Meritt 406 B.R. 778, 789 (Bankr S.D. Ohio 2009).

Here the transactions relating to the State Bank CDs and the Becker County property all fall within the two year lookback period under the Bankruptcy Code, in fact most taking place less than one year prior to the filing. They therefore fall well within the lookback under North Dakota's fraudulent transfer statute. Similarly the mortgage loan on the Fargo home that funded the State Bank CDs and the Becker County real estate was signed less than two years prior to the bankruptcy filing. Choung testified that he was solely obligated on the loan and he was the only party to make payments. However both he and Wong testified that they both would own the home after the last payment was made. When Choung Nget borrowed the money and gave the mortgage to the lender the net value of the Fargo home was reduced by at least the amount of the loan proceeds. This indirect reduction in value and the direct receipt of the loan proceeds by

Choung Nget constitute a transfer of assets from Wong to Choung Nget without payment of fair value. In re Craig 144 F3d 587, 592 (8th Cir. 1998). Further the parties testified that the proceeds were used by Wong and Choung Nget to acquire other assets.

Looking first to the CDs owned by Wong and issued only in Wong's name by State Bank of Fargo, each CD was used to pay debt at State Bank of Fargo of Choung Nget without any consideration to Wong. At the time Wong used the CD proceeds to pay Choung Negt's debt she had substantial credit card debt far in excess of the CD amounts. She also had a very small annual income less than the total for the transferred CDs. Therefore this is a transfer that rendered Wong insolvent and is thus a fraudulent transfer within the meaning of the Section 548 of the Bankruptcy Code and North Dakota's fraudulent transfer act. Therefore Choung Nget owes the estate $27,698.48, which is the total of the CDs used by Wong to pay Choung Nget's debt. With regard to the Ramsey Bank CD, the court cannot determine from the evidence that the proceeds went for anything other than the payment of Wong's attorney fees and payment of property taxes on the family home. There was no evidence presented that Choung Nget received any of the proceeds of this CD except to the extent that it paid taxes on his property. The trustee did not present evidence concerning the Gate City CD and the estate has no claim to that asset.

## B. Becker County Real Estate

The Becker County real estate, Lots 4 and 12 (Lot 4 subject to a mortgage in favor of Cornerstone Bank) were purchased at least in part with the proceeds of the loan on the Fargo home. The lots were held in joint tenancy by Choung Nget, Wong and her daughter Jade. (Exhibit 5,6,7) Lot 12 was conveyed back to Loren Jetvig from whom that lot was originally purchased (Exhibit 7). Jetvig paid $50,000 to Sue Jade Wong and Choung Nget for Lot 12 and

8

no explanation was offered at trial for the whereabouts of the proceeds even though the burden has shifted to the defendants to explain where the money went under § 727(a)(5). (Exhibit 7) The court finds that Choung Nget and Sue Jade Wong each owe the estate the $50,000 proceeds from this sale as neither has come forward with any evidence as to what happened to the money.

Wong and Choung Nget still own Lot 4. Wong's ownership interest in Lot 4 is also evidenced by the fact that she listed the property for sale with real estate agent Laurie Askelson. Askelson testified that she dealt with Wong and Wong represented that she had authority to list and sell the property. Therefore the court concludes that Lot 4, subject to the mortgage, is property of the bankruptcy estate. No evidence has been presented that lot 12 was purchased by Loren Jetvig for less than fair value and the court makes no findings concerning that property except that the proceeds of the sale should have gone to the estate and Choung Nget and Sue Jade Wong are jointly and severally liable for the proceeds.

Wong and Choung Nget purchased another piece of Becker County property, Lot 11, which was also purchased from Jetvig, and sold by Wong and Choung Nget to some of Wong's relatives. The Trustee testified that his claim against the third parties for that lot was settled in a separate adversary proceeding. (Exhibits 9,10). The Trustee also discovered that Choung Nget and Wong purchased another piece of real estate on a contract for deed. (Becker Sayler's, Exhibit 10). This property was purchased with a $24,800 down payment. Choung Nget testified that he purchased that property with money from the Fargo home loan and money he borrowed from one "Lee" or "Ling". Several checks were offered as evidence of the source of the part of money for the down payment. Exhibit 19. The court is unable to determine what portion of the money came from each source but Choung Nget concedes that a portion of the down payment came

9

from the Fargo home. Therefore the property is property that should have been listed on the schedules and the estate has an interest in the vendee's interest in the contract. Thus the Saylers Beach Lot 14 vendee's interest in the contract for deed is also property of the estate. (Exhibit 10).

### C. The Fargo Home

Both Choung Nget and Wong conceded at trial that the Fargo home was first owned by Wong's mother. She gave it to Choung Nget and Wong and it is undisputed that thereafter title is held in joint tenancy by Wong and Choung Nget. Exhibit 20. Though Choung Nget testified that he alone mortgaged the property, he alone owes the repayment and he alone took some of the money to fund his auto repair business. Wong signed the mortgage and some of the mortgage loan proceeds were put in CDs solely in Wong's name. Similarly some of the proceeds were used to purchase Becker County real estate, title to which was held by Choung Nget and Wong as joint tenants. Wong testified that after all the payments are made the house will once again belong to her and Choung Nget. Therefore the court concludes that Choung Nget and Wong are joint tenants in the Fargo home subject to the mortgage interest in favor of Calusa Investment LLC. The Fargo home is property of the estate.

### D. Discharge

The Trustee requests the court deny Wong a discharge because she concealed property from the trustee, transferred property to avoid creditors or the Trustee, kept inadequate records from which her financial situation could be ascertained, made a false oath and false statement in her bankruptcy petition and the 341 meeting denying ownership in the Fargo and Becker County real estate and CDs such that she should be denied a discharge. Section 727 of the code provides

that a court shall grant the debtor a discharge unless the debtor, with intent to hinder, delay or defraud a creditor or the Trustee has transferred removed or concealed property of the debtor within one year before the filing date of the petition or knowingly and fraudulently made a false oath or account in connection with the case. Sue Jade Wong filed her chapter 7 Petition on September 30, 2007. Her petition listed her status as married but her husband did not file with her. She showed an interest in the Fargo home but no other real estate or CDs in her schedules. She amended her petition and attended the 341 meeting on November 2, 2007. Her amended petition removed her interest in the Fargo home. The Amended schedule A specified that the property was owned only by her husband Choung Nget. Despite this disclosure of her filing status she denied she was married at the trial, even when confronted with her 2005 and 2006 federal income tax returns which she had filed as married filing jointly.

After the Trustee, through independent investigation discovered the omissions and the existence of real estate owned by Wong in Becker County she again amended her petition to disclose the interests. The Trustee also independently discovered CDs in Wong's name but not disclosed in her schedules or at the 341 hearing despite direct questions about the property. When confronted with these facts at trial she maintained that they were all Choung Nget's money despite his testimony that at least some of the funds had come from the loan secured by the mortgage on the Fargo home.

Wong has attempted to transfer all family assets to her husband Choung Nget. She has attempted to take and discharge all the family debt including considerable debt that was incurred in the furtherance of Choung Nget's auto repair business. She did not file accurate schedules with her bankruptcy petition, she did not testify truthfully at the 341 hearing and she was not

11

candid with the court as to her marital status or her ownership of the assets discovered by the Trustee. Discharge is intended only for the honest debtor. In re Craig 195 B.R. at 449.

## Conclusion and Order

A money judgment is hereby ordered in favor of the Trustee and against Choung Nget in the amount of $27,698.48, the total amount of the CDs issued by State Bank of Fargo to Jade Sue Wong and used to pay Choung Nget's loan at State Bank, The Debtor/Defendant Sue Jade Wong and Choung Nget are hereby ordered to turn over the Becker County real estate in particular Becker County Lot 4 (Exhibit 5) and Becker County Saylor's Lot 14 (Exhibit 10). Jade Choung is in default and has no interest in any of the real estate in this case. No money judgment is awarded against Jade Choung. A money judgment in the amount of $50,000 shall be entered against Sue Jade Wong and Choung Nget jointly and severally, proceeds of the Jetvig conveyance. Sue Jade Wong is also denied her discharge under the Bankruptcy code. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 25 day of November, 2009.

Ralph R. Erickson, District Judge
United States District Court